NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

15-P-1731                                      Appeals Court

COMMONWEALTH  vs.  BYUNG-JIN KANG.

No. 15-P-1731.

Middlesex.      November 7, 2016. - March 16, 2017.

Present:  Cypher, Massing, & Sacks, JJ.

Firearms.  Evidence, Firearm.  Practice, Criminal, Instructions to jury.

Complaints received and sworn to in the Newton Division of the District Court Department on February 15, 2013, and June 9, 2014.

The cases were tried before Dyanne J. Klein, J.

Robert L. Sheketoff for the defendant.
Susan Leigh Harris, Assistant District Attorney, for the Commonwealth.

CYPHER, J.  The defendant, Byung-jin Kang, was convicted of carrying a loaded firearm without a license in violation of G. L. c. 269, § 10(n), and carrying a firearm without a license in violation of G. L. c. 269, § 10(a).  On appeal, the defendant claims that he was improperly denied the opportunity to present the affirmative defense of the "antique" firearm exemption from

licensure requirements, arguing that (1) evidence related to his defense was excluded; and (2) the judge improperly denied his request for a jury instruction on the antique firearm exemption. We affirm.

Facts.[1]  The incident in question arises from a roadside confrontation between the defendant and another driver.[2]  During this confrontation, the second driver seized a firearm from the defendant and contacted police after the defendant left the scene in his vehicle.  Police recovered this firearm, a small silver revolver, from the pavement near the other driver, and located the defendant a short distance from the scene.  Officers discovered the firearm to be loaded, and later ballistic testing revealed it was capable of firing.

At trial, the defendant did not contest possession.  He testified that the firearm was his, and that he was aware that it was loaded.  The defendant claimed, however, that the Commonwealth had failed to meet its burden to prove operability, arguing that the chain of custody evidence was insufficient, as were the qualifications of the police officer conducting the test-firing.

---

[1] The jury could have found the following facts at trial.

[2] The other driver testified at the defendant's trial under an agreement with the Commonwealth not to prosecute him.  The defendant was acquitted of one count of assault by means of a dangerous weapon related to this dispute.

Discussion. 1. Exclusion of antique firearm evidence. Prior to trial, the defendant indicated his intent to rely on the defense of exemption from the firearm licensure requirements for an antique firearm manufactured prior to 1900.[3] See Commonwealth v. Jefferson, 461 Mass. 821 (2012). In support of his defense, the defendant wanted to testify that he had purchased the firearm from "the online [Internet] store, antiqueguns.com," from "a section of the store entitled Pre-1898 manufactured firearms." He sought also to testify that he was interested in and had researched antique firearm ownership, and that he "specifically looked for" an antique firearm. He sought to testify that he believed that the firearm he had purchased was in fact an antique.

The trial judge indicated that she would allow the defendant to testify about where he purchased the firearm, but not that it was specifically from the pre-1898 section of the Web site. She precluded him from testifying as to his own belief in the antiquity of the firearm.

At trial, the defendant testified that he had taken a firearms safety course and subsequently learned that in the city in which he resided, it was "almost impossible to gain a

---

[3] See G. L. c. 140, § 121, as appearing in St. 1999, c. 1, § 1, providing that firearm licensing requirements "shall not apply to . . . any firearm, rifle or shotgun manufactured in or prior to the year 1899."

[firearms] license." He testified that he investigated other methods of legally owning a firearm, and eventually purchased a weapon on the antiqueguns.com Web site. He was precluded from explaining why he wanted to purchase the specific weapon at issue. On redirect, the defendant was permitted to testify that the Web site was arranged into categories "sectioned off by years," and that he purchased his firearm from the section of the Web site indicating that it contained firearms manufactured prior to 1898.

The only portion of the defendant's proffered testimony that the judge ultimately excluded was the defendant's belief that his firearm was an antique, and that he had purchased the firearm based on that belief. This testimony was properly excluded. The mens rea required for conviction pursuant to G. L. c. 269, § 10(a), is simply the defendant's knowledge that he was carrying a firearm.[4] See Commonwealth v. Jackson, 369 Mass. 904, 916 (1976). Neither § 10 nor G. L. c. 140, § 121, provides for the affirmative defense of a defendant's honest but mistaken belief that he is exempt from firearms licensure requirements. The defendant has provided no authority to the contrary. The defendant's personal belief in the antiquity of the firearm was therefore irrelevant, and was properly excluded.

---

[4] Because § 10(n) differs only from § 10(a) in that the firearm must be loaded, the same mens rea is required.

2. <u>Failure to instruct on antique firearm exemption</u>.  At
the close of evidence, the defendant requested that the jury be
instructed on the antique firearm exemption from licensure
requirements.  In support of his request, he relied on his
testimony as described <u>supra</u>, as well as the appearance of the
firearm itself.[5]  The judge denied the request, finding that the
defendant had failed to produce sufficient evidence to properly
raise the defense.  The defendant challenges the denial of his
request for the instruction.

To properly raise a defense of antique firearm, a defendant
"bears the burden of producing evidence of the affirmative
defense that the firearm was manufactured before 1900."
<u>Jefferson</u>, 461 Mass. at 834.[6]  Whether a defense has been

---

[5] Defense counsel characterized the firearm as "obviously of
a significant age, very obviously not a modern gun."  We have
viewed the firearm and conclude that its appearance does not
materially assist in our analysis.

[6] Despite the specific guidance of <u>Jefferson</u>, the defendant,
relying on <u>Commonwealth</u> v. <u>Humphries</u>, 465 Mass. 762 (2013),
argues that he should merely bear the burden of notice of the
affirmative defense rather than the burden of production,
because whether the firearm was an antique was not "peculiarly
within the knowledge of the defendant."  <u>Id</u>. at 770 (citation
omitted).  We do not view <u>Humphries</u> to have overruled <u>Jefferson</u>
on this issue, nor do we perceive the facts of <u>Humphries</u> to be
meaningfully similar to those in the case at bar.  In <u>Humphries</u>,
the court found that a defendant need not bear the burden of
production where he alleges the defense of licensure as to a
firearm possessed by a coventurer third party.  See <u>ibid</u>.  Here,
no third party was involved, and the defendant purchased the
firearm himself from an online store of his own choosing after
learning that he would likely not be able to obtain a firearms

properly raised is a legal issue for the court to determine. See Commonwealth v. Kingston, 46 Mass. App. Ct. 444, 449-450 (1999). Generally, "if any view of the evidence would provide support for an affirmative defense," a defendant is entitled to a jury instruction on that defense. Commonwealth v. Monico, 373 Mass. 298, 299 (1977). In assessing the evidence, "all reasonable inferences should be resolved in favor of the defendant, and, no matter how incredible his testimony, that testimony must be treated as true." Commonwealth v. Pike, 428 Mass. 393, 395 (1998). "The precise quantum of proof necessary to discharge the defendant's burden of production and thereby to impose upon the Commonwealth the burden of proof as to an affirmative defense has not been defined by our courts." Kingston, supra at 450 n.10. Nonetheless, a defendant ultimately "is not entitled to a charge on a hypothesis which is not supported by the evidence." Monico, supra at 299.

The defendant's submission was insufficient to meet his burden of production to raise the affirmative defense that the firearm was an antique, and thereby exempt from licensure requirements. At trial, the defendant offered evidence consisting merely of the hearsay labeling of the Web site from which he purchased the firearm, combined with the hearsay title

---

license. Knowledge of the provenance of the firearm, such as it was, was thus "peculiarly within the knowledge of the defendant." Ibid. (citation omitted).

of the section in which the firearm was listed.  The defendant proffered no evidence regarding the reliability of the Web site or its labeling, any relevant features of the firearm itself, or any materials or certificates accompanying the weapon.

There is no requirement that expert testimony be presented in support of an affirmative defense of antique firearm exemption.  Indeed, we do not prescribe any particular method of meeting a defendant's burden on this issue, as the circumstances of each case will no doubt present distinct factual issues. Bare uncorroborated hearsay unaccompanied by any indicia of reliability will not suffice to adequately raise the defense, and thereby will not entitle a defendant to a jury instruction. Accordingly, the defendant's request was properly denied.

<u>Judgments affirmed</u>.